**No. 49241.**—Protest 975730-G of W. X. Huber Co. (Los Angeles).

Opinion by KEEFE, J. The importer testified that the fish were highly perishable and were required to be kept frozen at all times. The inspector of customs testified on behalf of the Government that he weighed the fish and that they were not packed in ice, and that therefore no allowance was made by him for ice or moisture. The invoices in question were received in evidence, as well as the dock book in which the inspector entered the weights. From an examination of the evidence it was found that the only proof of the net landed weights of the fish in question was submitted by the Government. The plaintiff neither weighed the shipment nor established that the net landed weights returned by the collector were not the actual weights of the merchandise. It was found that the documentary evidence in the form of copies of invoices was insufficient to establish the net landed weights. *Lakeside Fish & Oyster Co. v. United States* (T. D. 48301) and *Dow v. United States* (T.D. 44444) cited. On the record presented the protest was overruled.